UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 17-225** |
| **RONALD THOMPSON, JR.** | **SECTION "E"** |

## ORDER AND REASONS

On January 31, 2022, Defendant Ronald Thompson, Jr.'s filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] The United States of America opposes the motion.[2] Defendant filed a reply.[3] For the reasons that follow, Defendant's motion is **DENIED**.

## BACKGROUND

On November 30, 2017, Defendant was charged by three-count indictment with (1) knowing and intentional possession with the intent to distribute a quantity of cocaine, a Schedule II drug controlled substance; (2) knowing and intentional possession with the intent to distribute a quantity of cocaine base, a Schedule II drug controlled substance; and knowing and intentional possession with the intent to distribute a quantity of heroin, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).[4] As the case proceeded to trial, counsel for Defendant engaged in pretrial motion practice. Defendant filed a motion to suppress[5] and a motion to quash,[6] both of which were denied

---

[1] R. Doc. 87.
[2] R. Doc. 90.
[3] R. Doc. 92.
[4] R. Doc. 1. The facts and circumstances surrounding Defendant's charges are outlined in detail at Record Document 83-1, and the Court need not repeat them here.
[5] R. Doc. 14.
[6] R. Doc. 30.

1

by the Court.[7] On April 3, 2018, after a two-day jury trial, the jury returned a verdict of guilty as to all three counts of the Indictment.[8] Defendant was sentenced on July 11, 2018, to 262 months of custody and six years of supervised release as to counts One, Two, and Three, to be served concurrently.[9]

Defendant timely filed a notice of appeal on July 19, 2018.[10] The United States Court of Appeals for the Fifth Circuit affirmed the judgment of this Court on August 30, 2019.[11] On November 8, 2019, the United States Supreme Court denied Defendant's request for certiorari, making his conviction final.[12] Over two years later, on January 31, 2022, Defendant filed the instant motion to vacate his judgment under 28 U.S.C. § 2255.[13]

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct the sentence.[14] Section 2255 identifies only four bases on which the motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."[15] A claim of error that is neither constitutional nor jurisdictional is not cognizable in a Section 2255 proceeding unless the

---

[7] R. Doc. 39 (Order and Reasons denying Defendant's motion to suppress); R. Doc. 40 (Order and Reasons denying Defendant's motion to quash).
[8] R. Doc. 52.
[9] R. Doc. 69.
[10] R. Doc. 71.
[11] R. Doc. 83.
[12] R. Doc. 84.
[13] R. Doc. 87.
[14] 28 U.S.C. § 2255(a) (2008).
[15] *Id.*; *see also United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

error constitutes a "fundamental error" that "renders the entire proceeding irregular or invalid."[16]

As mandated by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court must examine a Section 2255 motion promptly and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."[17] If the motion raises a non-frivolous claim to relief, the Court must order the Government to file a response or take other appropriate action.[18]

Should the Court find that there is a need to expand the record, with good cause shown, limited discovery may be authorized.[19] After reviewing the Government's response and the record, the Court must determine whether an evidentiary hearing is warranted.[20] An evidentiary hearing need not be held if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[21] Furthermore, no evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of his allegations."[22]

## LAW AND ANALYSIS

In Defendant's motion to vacate, Defendant asks the Court to vacate his sentence, arguing his counsel was ineffective for failing to (1) file a motion for a pretrial evidentiary hearing; (2) challenge the propriety of the Terry stop on appeal; and (3) advise Defendant

---

[16] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).
[17] Rules Governing Section 2255 4(b).
[18] *Id.*
[19] Rules Governing Section 2255 6–7.
[20] Rules Governing Section 2255 8.
[21] 28 U.S.C. § 2255(b).
[22] *United States v. Balderas*, No. 09-310, 2014 WL 345287, at *2 (E.D. La. Jan. 27, 2014) (citing *United States v. Caston*, No. 09-098, 2013 WL 3933400 (E.D. La. July 30, 2013); *United States v. Edward*, 443 F.3d 258, 264 (5th Cir. 2006); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

3

of his right to testify in his own defense.[23] In opposition, the United States argues Defendant's motion is untimely, and even if the Court finds the motion to be timely, Defendant has not established ineffective assistance of counsel.[24] The Court first addresses whether Defendant's motion to vacate is timely under 28 U.S.C. § 2255.

28 U.S.C. § 2255(f) governs the timeliness of a motion to vacate.[25] According to Section 2255(f), a prisoner must bring a Section 2255 motion within one year from the latest of the following: (1) the date the conviction becomes final; (2) the date an unconstitutional or illegal government-created impediment to making the motion is removed; (3) the date the right asserted in a motion was first recognized by the Supreme Court, if that right was newly recognized and made retroactive; or (4) the date facts supporting the claim could have been discovered through due diligence.[26] Even if a defendant's motion is untimely under the four options stated above, a defendant may be entitled to equitable tolling.[27] Accordingly, Defendant's motion must be timely under § 2255(f)(1)-(4) or subject to equitable tolling for the Court to consider the merits.

It is undisputed that Defendant's motion is not timely under § 2255(f)(1)—running from the date that his conviction became final.[28] Defendant's conviction became final on November 8, 2019, when the United States Supreme Court rejected Defendant's application for writ of certiorari.[29] At that point, Defendant had one year—until November

---

[23] R. Doc. 87 at pp. 5-8.
[24] R. Doc. 90.
[25] 28 U.S.C. § 2255(f).
[26] 28 U.S.C. § 2255(f)(1)–(4).
[27] *See United States v. Komandu*, Crim. No. 10-105-BAJ-SCR, 2013 WL 4520473, at *2 (M.D. La. Aug. 26, 2013).
[28] Petitioner does not argue that his motion was timely under § 2255(f)(1). R. Doc. 87-1 at pp. 4-7.
[29] 28 U.S.C. § 2255(f)(1); R. Doc. 84.

8, 2020—to seek relief under Section 2255(f)(1).[30] Defendant did not file the instant motion until January 31, 2022.[31]

Instead, Defendant first argues that "timeliness shouldn't be an issue at all, given the global pandemic that COVID-19 is and the fact that he was housed in a county jail for the duration of his limitations period where pandemic-related restrictions severely restricted his ability to adequately pursue his rights."[32] Second, Defendant argues his motion is timely under § 2255(f)(2)—that he filed the instant motion within one year from the date an unconstitutional or illegal government-created impediment to making the motion was removed.[33] Finally, Defendant argues he has presented a case where equitable tolling may apply.[34]

## I. COVID-19 Does Not, In and of Itself, Toll the Statute of Limitations.

First, Defendant argues "timeliness shouldn't be an issue at all, given the global pandemic that COVID-19 is and the fact that he was housed in a county jail for the duration of his limitations period where pandemic-related restrictions severely restricted his ability to adequately pursue his rights."[35] However, the COVID-19 pandemic does not present a blanket suspension of all deadlines in habeas cases.[36] Accordingly, Defendant

---

[30] 28 U.S.C. § 2255(f)(1).
[31] R. Doc. 87.
[32] R. Doc. 87-1 at p. 5.
[33] *Id.* at pp. 4-5. Defendant, in his petition, argued his motion was timely under § 2255(f)(4)—that his motion is timely running from the date facts supporting the claim could have been discovered through due diligence. *Id.* However, as Defendant clarifies in his reply, Defendant's arguments better fall under § 2255(f)(2)—that he filed the motion within one year from the date an unconstitutional or illegal government-created impediment to making the motion was removed. R. Doc. 92 at pp. 2-3. Accordingly, because Defendant's argument is, in substance, brought under § 2255(f)(2), the Court will interpret it as such.
[34] R. Doc. 87-1 at pp. 5-7.
[35] *Id.* at p. 5.
[36] *United States v. Escalera*, No. 20-0058-01, 2022 WL 16925962, at *3 (W.D. La. Nov. 14, 2022) (quoting *United States v. West*, 578 F. Supp. 3d 962, 966 (N.D. Ohio Jan. 5, 2022)) ("The COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis.").

5

must either demonstrate that his habeas petition was timely under § 2255 or that equitable tolling is applicable.

## II. Defendant's Motion is Not Timely Under 28 U.S.C. § 2255(f)(2).

Second, Defendant argues his motion is timely under subsection (2)—that he filed the instant motion within one year from the date an unconstitutional or illegal government-created impediment to making the motion was removed.[37] Defendant argues he "remained in an institution following his sentencing date more than two years after the fact, which is designed to merely house inmates and not provide them access to the courts other than transportation."[38] The Government argued that, while a prison unconstitutionally restricting access to law libraries, legal assistance, or legal materials would constitute an impediment under § 2255(f)(2), "pandemic-related restrictions do not qualify as unconstitutional or unlawful government impediments."[39]

While the Fifth Circuit has not considered the issue, several out-of-circuit courts have determined that COVID-19 related restrictions are not "unconstitutional or illegal government-created impediments" within the context of § 2255(f)(2), because such emergency responses are neither unconstitutional nor illegal.[40] This Court agrees. The Court cannot hold that COVID-19 related restrictions are considered "unconstitutional or illegal government-created impediment[s]."[41] Accordingly, because Defendant has failed

---

[37] R. Doc. 87-1 at p. 7.
[38] *Id.*
[39] R. Doc. 90 at p. 4.
[40] *See, e.g.*, *United States v. Latin*, Cr. No. 17-00514 JMS (03), 2022 WL 676670, at *4 (D. Haw. Mar. 7, 2022); *Caraballo v. United States*, 10-CR-392-6 (CS), 2021 WL 1062036, at *2 (S.D.N.Y. 2021); *United States v. Leggio*, CRIM. NO. 3:17-41, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021).
[41] R. Doc. § 2255(f)(2).

6

to demonstrate the Government's action was unconstitutional or illegal, Defendant has failed to carry his burden of demonstrating his motion was timely under § 2255(f)(2).[42]

### III. Defendant Is Not Entitled to Equitable Tolling.

Finally, Defendant argues he has presented a case where equitable tolling applies.[43] Defendant argues his ability to file the instant motion was impacted by two superseding events, and equitable tolling is warranted as a result. First, Defendant was incarcerated in a county jail, rather than a federal prison, and due to COVID-19 restrictions in the county jail, he did not have the necessary resources and access to draft the instant motion.[44] Second, Defendant's counsel, whom he retained for the sole purpose of filing the instant motion, withdrew from representation a mere nine days before the end of the one-year limitation period.[45]

The relevant facts are as follows. After conviction, and for reasons unknown to this Court, Defendant was incarcerated in a Louisiana parish jail during the pendency of his appeal, rather than being transferred into federal custody.[46] Defendant was not transferred into federal custody until September 28, 2021, over three years from his sentencing, which took place on July 11, 2018.[47] Defendant argues the facilities in the parish jail were limited and inadequate to allow him to prepare his own defense. Defendant further argues his ability to litigate his own case after his attorney withdrew was made impossible by the COVID-19 pandemic. In early 2020, the COVID-19 pandemic

---

[42] Defendant does not argue that his motion is timely under § 2255(f)(3). *See* R. Doc. 87-1. Likewise, although Defendant initially characterized his argument as falling under § 2255(f)(4), Defendant clarified that the substance of his argument falls best under § 2255(f)(2). R. Doc. 92 at pp. 2-3. Accordingly, neither §2255(f)(3) or (4) are applicable.
[43] R. Doc. 87-1 at p. 5.
[44] *Id.*
[45] *Id.* at p. 6.
[46] *Id.* at p. 5.
[47] R. Doc. 68.

7

began to impact the United States and the New Orleans area, and jails began implementing lockdown procedures. Defendant argues "he knew that attempting to litigate these matters from a county jail would be impossible in the face of a surging pandemic."[48] Recognizing these limitations, on March 12, 2020, Defendant hired an attorney to represent him and file a § 2255 motion on his behalf.[49] According to the agreement, counsel was first to determine whether Defendant had a viable case before taking him on as a client.[50] On September 11, 2020, the attorney accepted the case.[51] However, the attorney later withdrew on October 30, 2020—nine days before the one-year period of limitations was to end.[52] Then, between October 30, 2020, and October 2021, Defendant took no action toward filing a habeas petition.[53]

"To warrant equitable tolling, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'"[54] While Defendant surely experienced extraordinary circumstances while incarcerated, Defendant's failure to pursue his rights diligently is fatal to his motion.

"The 'diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.'"[55] However, "[e]quitable tolling is permissible only in rare and exceptional circumstances."[56] "Equitable tolling under § 2255(f) is not extended to

---

[48] R. Doc. 87-1 at p. 7.
[49] R. Doc. 87-4 at p. 1.
[50] *Id.*
[51] *Id.*
[52] *Id.* at p. 2.
[53] *See* R. Doc. 87-1; R. Doc. 87-4.
[54] *Escalera*, No. 20-0058-01, 2022 WL 16925962, at *3 (quoting *West*, 578 F. Supp. 3d at 966).
[55] *United States v. Barahona-Munguia*, Crim. Action No. 10-51-JJB-SCR, 2013 WL 1966221, at *1 (M.D. La. Apr. 15, 2013) (quoting *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010)).
[56] *Id.* (quoting *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)).

instances of 'excusable neglect.'"[57] "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation is between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."[58]

"[E]xtended periods of inactivity . . . clearly indicate a lack of due diligence."[59] The Court recognizes the hardships presented by the fact that Defendant's attorney, Julie Tizzard, withdrew merely days before the one-year period of limitations was to end. Had Defendant diligently sought to file his petition in the weeks, or even few months, after the deadline, the Court may have been persuaded that Defendant did indeed act with diligence. However, instead of diligently pursuing his rights after his attorney withdrew, Defendant took no action for one year—between October 2020, and October 2021—and did not file his petition for fifteen months.[60]

Defendant also argues, once he was transferred to federal custody in September 2021 and received his trial transcripts on November 29, 2021, he immediately began preparing the instant petition, which he filed in January 2022, evincing the required level of diligence.[61] However, Defendant has not demonstrated why he could not have filed the instant motion any sooner. An affidavit by Defendant's significant other, Francesca Scott, indicates that Ms. Tizzard provided Ms. Scott with a full copy of Defendant's criminal trial

---

[57] *Id.* (quoting *United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010)).
[58] *United States v. Perkins*, 481 F. App'x. 114, 119 (5th Cir. 2012) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)); *see also Komandu*, Crim. No. 10-105-BAJ-SCR, 2013 WL 4520473, at *2 (finding equitable tolling was not appropriate where the petitioner took no action for ten months).
[59] *Aleman v. United States*, CIV. NO. 3:20-CV-232-K, 2021 WL 2376719, at *3 (N.D. Tex. June 10, 2021).
[60] *See* R. Doc. 87-1; R. Doc. 87-4.
[61] R. Doc. 87-1 at p. 7.

9

by email on October 30, 2020.[62] Defendant does not allege that he was unable to communicate with Ms. Scott after October 30, 2020.[63] Defendant's conclusory allegations that he had limited access to resources do not demonstrate why he was unable to file any motion to preserve his legal right at any point in the fifteen months that passed before he filed the instant petition. Defendant has failed to carry his burden of establishing that equitable tolling is appropriate. Accordingly, Defendant's motion to vacate is untimely under 28 U.S.C. § 2255(f).

## IV. Defendant Is Not Entitled to Relief on the Merits.

Even if Defendant's motion were timely, Defendant's ineffective assistance of counsel claims would fail on the merits. "Under Strickland v. Washington, to establish an ineffective assistance of counsel claim, a petitioner must show both that his counsel's performance was constitutionally deficient and also that he suffered prejudice as a result of the deficiency."[64]

First, Defendant argues his counsel was ineffective for failing to request an evidentiary hearing on Defendant's motion to suppress evidence.[65] Defendant argues counsel could have elicited testimony as to his demeanor on the day of his arrest and that the officers did not actually see any transfer of drugs during such a hearing.[66] As argued by Defendant, defense counsel made these very arguments in his motion and in his reply brief.[67] Accordingly, Defendant has not demonstrated how he was prejudiced by his counsel's failure to request such a hearing.

---

[62] R. Doc. 87-4 at p. 2.
[63] *See* R. Doc. 87-1.
[64] *United States v. Henry*, No. 8-19, 2010 WL 2998888, at *3 (E.D. La. July 28, 2010).
[65] R. Doc. 87-1 at p. 8.
[66] *Id.*
[67] R. Doc. 14-2; R. Doc. 28.

Second, Defendant argues his counsel was ineffective for failing to challenge the propriety of his Terry stop on appeal.[68] Defendant was initially stopped for crossing the center line several times while driving.[69] On appeal, Defendant's counsel challenged the extension of the traffic stop beyond what was required to investigate the traffic violation, i.e., the search, but not the initial stop. It is well-settled that traffic violations justify an initial, reasonable stop by officers.[70] Accordingly, Defendant has not carried his burden of demonstrating his counsel was constitutionally deficient for raising an argument that is foreclosed by Fifth Circuit precedent.

Third, Defendant argues his counsel was ineffective for failing to inform him that he could testify at trial in his own defense.[71] However, even if this contention was true, Defendant has not demonstrated that he suffered prejudice as a result. Had Defendant testified, he would have been subject to cross-examination regarding his multiple prior drug offenses. The Court is persuaded this would have done Defendant more harm than good. Accordingly, Defendant's ineffective assistance of counsel claims fail on the merits.

## CONCLUSION

For the foregoing reasons, Defendant Ronald Thompson, Jr.'s motion to vacate under 28 U.S.C. § 2255 is **DENIED**.

**New Orleans, Louisiana, this 14th day of March, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[68] R. Doc. 87-1 at p. 15.
[69] R. Doc. 39 at p. 8.
[70] *United States v. Breeland*, 53 F.3d 100, 102 (5th Cir. 1995).
[71] R. Doc. 87-1 at p. 19.