UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 17-225** |
| **RONALD THOMPSON, JR.** | **SECTION "E"** |

### ORDER AND REASONS

Before the Court is Defendant Ronald Thompson, Jr.'s Motion for Appointment of Counsel (the "Motion to Appoint Counsel").[1] For the reasons set forth below, the motion is **DENIED**.

Mr. Thompson is currently serving a 262 month prison sentence for convictions of (1) knowing and intentional possession with the intent to distribute a quantity of cocaine, a Schedule II drug controlled substance; (2) knowing and intentional possession with the intent to distribute a quantity of cocaine base, a Schedule II drug controlled substance; and knowing and intentional possession with the intent to distribute a quantity of heroin, a Schedule I controlled substance, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c).[2]

On February 5, 2024, Mr. Thompson filed the instant motion for appointment of counsel pursuant to 18 U.S.C. § 3006A.[3] Mr. Thompson seeks to challenge his convictions under 18 U.S.C. § 841(a)(1) and (b)(1)(c), pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), arguing he is entitled to "extraordinary and compelling relief due to racial and other sentencing disparities under the [']other reasons['] provision of [United States Sentencing Guidelines section] 1B1.13."[4]

---

[1] R. Doc. 95.
[2] R. Doc. 69.
[3] R. Doc. 95.
[4] *Id.* at p. 1.

1

The Criminal Justice Act (the "CJA") requires each United States district court to place in operation "a plan for furnishing representation for any person financially unable to obtain adequate representation" who, *inter alia*, "is entitled to appointment of counsel under the sixth amendment to the Constitution."[5] The Supreme Court has held a criminal defendant's right to counsel under the Sixth Amendment "extends only through the defendant's first appeal."[6] "There is [simply] no constitutional right to counsel in postconviction proceedings."[7] In the instant motion, Mr. Thompson moves for appointment of counsel to assist him with attaining post-conviction relief under 18 U.S.C. § 3582(c)(1)(A)(i)[8] subsequent to the Fifth Circuit's holding, on appeal, affirming this Court's judgment.[9] Accordingly, in this case, Mr. Thompson has no right to counsel arising under the Sixth Amendment.

Similarly, Mr. Thompson has no statutory right to counsel under 18 U.S.C. § 3006A(c) for assistance with his claim for post-conviction relief. The CJA provides that any "person for whom counsel is appointed shall be represented at every stage of the proceedings . . . including ancillary matters appropriate to the proceedings."[10] In the Fifth Circuit, "ancillary matters" refers to "those involved in defending the principal criminal charge and not to post-conviction proceedings."[11] Therefore, Mr. Thompson has no statutory right to counsel under the CJA.

Because Mr. Thompson has no constitutional or statutory right to appointed counsel to assist with his claim for post-conviction relief, the "decision whether to appoint

---

[5] 18 U.S.C. § 3006A(a)(1)(H).
[6] *U.S. v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).
[7] *Adeleke v. U.S.*, 550 Fed. App'x 237, 239 (5th Cir. 2013).
[8] R. Doc. 95, at p. 1.
[9] R. Doc. 83.
[10] 18 U.S.C. § 3006A(c).
[11] *U.S. v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) (citing *Whitebird*, 55 F.3d at 1010).

counsel rests in the discretion of the district court."[12] When a court "determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is charged with . . . an infraction for which a sentence to confinement is authorized."[13] In this case, Mr. Thompson is currently serving a term of confinement of 262 months. Although he is a "financially eligible person," the Court finds that Mr. Thompson has failed to demonstrate the "interests of justice" require the representation be provided to assist with his claim for post-conviction relief.

Accordingly;

**IT IS ORDERED** that the foregoing Motion to Appoint Counsel[14] is **DENIED**.

**New Orleans, Louisiana, this 14th day of February, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] *Whitebird*, 55 F.3d at 1011.
[13] 18 U.S.C. § 3006A(a)(2)(A).
[14] R. Doc. 95.